UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDRICK SIMMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2995** |
| **STATE OF LOUISIANA** | **SECTION "G"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and §1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.     Factual Summary

Plaintiff, Kendrick Simms, is currently incarcerated in the Louisiana State Penitentiary, in Angola, Louisiana. Plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983, against the State of Louisiana, alleging that prison officials used excessive force against him while he was incarcerated in River Correctional Center in Concordia

---

[1]The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. The application for pauper status is deferred to the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

Parish in October 2012. (Rec. Doc. No. 1, Complaint). Plaintiff requests monetary compensation and injunctive relief.

## II.     Law governing venue

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue, however, is determined under Title 28 U.S.C. § 1391, also known as the general venue statute. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides, in pertinent part, that a civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Title 28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice. See *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).

## III.    Proper Venue

Plaintiff is currently an inmate in the Louisiana State Penitentiary in Angola, Louisiana, which is located in W. Feliciana Parish within the boundaries of the Middle District of Louisiana. However, the incident complained of occurred when he was an inmate in River Correctional Center in Concordia Parish. Plaintiff alleges that several prison officials sprayed him with mace and kicked him for no reason, and also lodged false accusations and charges against him.

Venue is not proper in this district. No defendant is alleged to reside in or to be located within the Eastern District of Louisiana. The incident took place in Concordia Parish, which is located within the boundaries of the Western District of Louisiana. Therefore, the Court finds that the interests of justice require transfer of this civil action to the Western District of Louisiana.

### IV. Recommendation

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 16th day of May, 2013.

*Alma L. Chasez*
**ALMA CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.